796483
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
<u>Attorneys for Secured Creditor: DITECH FINANCIAL LLC</u>

**Order Filed on August 16, 2018
by Clerk U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

| | |
|---|---|
| In Re: | Case No: 17-23898 - JNP |
| Henry J. Streahle, III | Hearing Date: September 5, 2018 |
| | Judge: JERROLD N. POSLUSNY, JR. |

**CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION AND PROPOSED CRAMDOWN**

The consent order set forth on the following pages, numbered two (2) through two (3), is hereby **ORDERED**.

**DATED: August 16, 2018**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**NJID 796483**
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for DITECH FINANCIAL LLC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: | CASE NO. 17-23898 JNP |
| HENRY J. STREAHLE, III | CHAPTER 13 |
| Debtor | CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION |
|  | HEARING DATE: September 5, 2018 |

This Consent Order pertains to the property located at 533 North 4Th Street, Millville, NJ 08332, mortgage account ending with "6397";

THIS MATTER having been brought before the Court by Seymour Wasserstrum, Esquire, attorney for the Debtor Henry J. Streahle, III (the "Debtor") upon the filing of a Chapter 13 Plan; and Ditech Financial, LLC by and through its attorneys, Phelan Hallinan Diamond & Jones, PC, having filed an Objection to the Confirmation of said Chapter 13 Plan; and the Parties having subsequently resolved their differences; and the Court noting the consent of the Parties to the form, substance and entry of the within Order; and for other and good cause shown:

IT IS on the _____ day of _____, 2018, ORDERED as follows:

1. On September 25, 2017, Ditech Financial, LLC filed a Proof of Claim No. 8 with regards to its mortgage lien on the real property located at 533 North 4th Street, Millville, NJ 08332, reflecting a total debt of $87,791.80. See Claim No. 8.

2. The Debtor's Chapter 13 Plan in Parts 4b and 7c indicates that the value of the Property is $24,000.00 which is less than the first lien holder's secured claim. The Plan proposes to modify Ditech Financial, LLC's secured lien by cramming it down to a secured value of $24,000.00, to be paid at 5% interest. See Docket No. 3.

3.      The Parties agree that Ditech Financial, LLC shall file an amended Proof of Claim in which its mortgage claim shall list only a total debt, and will be paid as follows: Debtor shall pay $24,000.00 to Ditech at 5.75% interest, so that Ditech shall receive a total of $27,672.00 under Debtor's Chapter 13 Plan. The balance of the claim shall be treated as a general unsecured claim and shall receive pro rata distributions with the other unsecured claims under the plan. Should there be a distribution to the general unsecured creditors, Ditech Financial, LLC will receive their pro-rata portion of the funds allocated to the unsecured creditors.

4.      This Agreement provides that Ditech Financial, LLC's lien will only be stripped upon the Debtor's receipt of his discharge, and completion of his Chapter 13 Plan. Any dismissal of the case, conversion to a Chapter 7, or change of the Chapter 13 Plan in which the Debtor attempts to sell or refinance the property before discharge and completion will result in a full reinstatement of Ditech Financial, LLC's lien.

5.      Upon Debtor's successful discharge, granted under 11 U.S.C. §1328(a) of the United Stated Bankruptcy Code, Ditech Financial, LLC's Mortgage Lien will be released and extinguished.

6.      Upon Debtor's successful discharge, Ditech Financial, LLC shall file a release of its lien with the recorder of deeds in the county in which said Property is situated. In the event that Ditech Financial, LLC does not execute and deliver to the Debtor any termination statement, or other document that is or may be required to by law to release and discharge the Mortgage, the Debtor shall be permitted to use the attached Order along with the Order of Discharge as authorization for termination and release of the Mortgage

7.      <u>Chapter 7 Provision</u>.  In the event the Debtor converts to Chapter 7 during the pendency of this bankruptcy case, paragraph three (3) of this Stipulation will be deemed void and of no effect, Ditech Financial, LLC will once again be considered to hold a secured claim for the full amount of its claim, and the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, Ditech Financial, LLC may send Debtor and Debtor's counsel a written notice of default of this Stipulation and transmit an Order granting Ditech Financial, LLC relief from the automatic stay for approval and entry by the Court.

8.      <u>Entire Agreement</u>.  This agreement contains or expressly incorporates by reference the entire agreement of the parties and supersedes all prior negotiations.  This Agreement shall not be modified or amended except by a written instrument executed by all parties.

<u>Release</u>. In consideration of Ditech Financial, LLC filing an amended claim to reflect the agreement of the parties, Debtor does hereby releases and forever discharges Ditech Financial, LLC, its affiliates, the servicer of the loan, and its attorneys, insurers, assignees, transferors, transferees, principals, partners, officers, directors, employees, servants, subsidiaries, parents, affiliates, successors, stockholders, agents, and representatives, from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of

whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which Borrower may have or may hereafter have a claim to have against Ditech Financial LLC, or which in any way relates Ditech Financial, LLC.

9. Each party shall bear their own attorney's fees and costs incurred in the present case.

10. The parties agree that a facsimile and/or electronic signatures shall be considered an original signature.

11. In the event that the Subject Property is destroyed or damaged, pursuant to the Mortgage, Ditech Financial, LLC is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the Mortgage.

12. This Order shall be incorporated into and become part of any Order Confirming Plan in the herein matter.

The undersigned hereby consent to the form,
Content and entry of the within Order:

PHELAN HALLINAN DIAMOND & JONES, PC
Attorneys for Secured Creditor: DITECH FINANCIAL LLC


Dated: 8/15/18                          /s/ Sherri J. Smith, Esq.
                                        Sherri J. Smith, Esquire
                                        Phelan Hallinan Diamond & Jones, PC
                                        400 Fellowship Road, Suite 100
                                        Mt. Laurel, NJ 08054
                                        Tel: 856-813-5500 Ext. 47923
                                        Fax: 856-813-5501
                                        Email: Sherri.Smith@phelanhallinan.com


Dated: 8/2/18                           /s/ Seymour Wasserstrum, Esq.
                                        Seymour Wasserstrum, Esquire
                                        Attorney for debtors
                                        205 West Landis Avenue
                                        Vineland, NJ 08360
                                        Email: mylawyer7@aol.com